**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP KUO,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 09-72100<br><br>Agency No. A095-663-282<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:      LEAVY, HAWKINS, and IKUTA, Circuit Judges.

Philip Kuo, a native and citizen of Malaysia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the vandalism, curses, and other harassment Kuo suffered in Malaysia did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (incidents of discrimination and harassment do not compel a finding of past persecution). Substantial evidence also supports the BIA's finding that Kuo failed to demonstrate a well-founded fear of future persecution because it is too speculative to assume that he will be persecuted as a result of his Christian religion. *See id*. at 1018 (record evidence did not show petitioner had objectively reasonable basis for future fear); *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (agency is entitled to rely on all relevant evidence in the record, including State Department reports, in considering whether a petitioner's fear of future persecution is objectively reasonable). Accordingly, Kuo's asylum claim fails.

Because Kuo did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Kuo failed to demonstrate that it was more likely than not he would be tortured. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (petitioner failed to provide evidence "that he is likely to be tortured by the actors he fears").

**PETITION FOR REVIEW DENIED.**